**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM SYDNOR** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  20-2280** |
| | : | |
| **KLM TRANS INC.,** *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                            **July 17, 2020**

A forklift operator injured by the alleged negligence of a trucking company on a loading dock timely sued the trucking company and its driver.  He now seeks to amend his complaint to add the lumper service (who supervise the off-loading on loading docks) as a co-defendant, but the statute of limitations expired for a negligence claim against the lumper service.  He knew the lumper service for the trucking company before he sued the trucking company and its driver.  The trucking company timely brought third-party claims against the lumper service seeking indemnity and contribution.  The forklift operator could amend to add the lumper service notwithstanding the expired statute of limitations if his claim against it relates back to his claim against the trucking company and its driver, but to do so he must show the lumper service knew or should have known the action would have been brought against it "but for a mistake concerning" its identity.  The forklift operator did not originally allege the theories of liability he now seeks to assert against the lumper service after the statute of limitations.  He concedes no factual or legal confusion about the lumper service's identity.  Rule 15(c)(1)(C) does not allow him to amend his complaint because he realizes a new theory of liability after the statute of limitations.  We deny his motion to amend to add the lumper service as futile under the statute of limitations.

**I.      Facts**

William Syndor sues for injuries sustained on May 16, 2018 when a forklift he operated crashed while unloading supplies from a tractor trailer near the Philadelphia International Airport. Mr. Syndor waited until March 9, 2020 to sue the tractor trailer company, KLM Trans Inc., and its driver, Piotr Ungeheur. Mr. Syndor alleged Mr. Ungeheur pulled the tractor trailer into the loading dock but, instead of parking, he "suddenly and unexpectedly moved the tractor trailer" causing Mr. Syndor's forklift to fall and crash backwards.[1] Mr. Syndor claimed KLM Trans and Mr. Ungeheur are liable for negligence and KLM Trans is also liable for respondeat superior and negligent entrustment.[2]

Mr. Syndor based his negligence against KLM Trans on several different theories:

a. Failure to properly operate said vehicle;
b. Failure to leave the vehicle parked while docked for loading/unloading;
c. Failure to leave the vehicle parked while a forklift operator, such as [Mr. Syndor], was loading/unloading the truck;
d. Failure to turn off the vehicle while docked for loading/unloading;
e. Failure to turn off the vehicle while a forklift operator, such as [Mr. Syndor], was loading/unloading the truck;
f. Failure to have policies and procedures of inspection for tractor trailers;
g. Failure to have policies and procedures in place regarding the docking and/or loading/unloading of materials from the vehicle;
h. Failure to follow policies and procedures in place regarding the docking and/or loading/unloading of materials from the vehicle;
i. Failure to remain in control of the vehicle;
j. Failure to use all prudent and necessary care for vehicular operation under the circumstances;
k. Such other acts of negligence and carelessness, as may be adduced through discovery or trial.[3]

Mr. Syndor's statute of limitations on his negligence claims expired on May 16, 2020. On May 21, 2020, KLM Trans and Mr. Ungeheur answered the complaint.[4] These defendants then filed a third-party complaint against HM Logistics six days later.[5] They allege HM Logistics provides them with a lumper service, meaning they "supervise the offloading of the cargo from

the trailer, move cargo around within the trailer so it can be offloaded by the forklifts and then notify the drivers when the offloading is complete and it is safe for them to depart."[6] KLM Trans and Mr. Ungeheur allege "[i]t is well accepted and well known within the trucking industry that lumper service employees bang on the side of the trailer to notify the driver of the tractor trailer that the loading or unloading is complete and is safe for them to pull away from the loading dock."[7] KLM Trans and Mr. Ungeheur allege, during Mr. Syndor's accident on May 16, 2018, Mr. Ungeheur moved the trailer after "an HM Logistics employee banged on the side of the trailer while [Mr. Syndor]" unloaded its contents.[8]

On July 6, 2020, Mr. Syndor moved under Federal Rule of Civil Procedure 15 for leave to amend his complaint to assert a direct cause of action for negligence against HM Logistics. Mr. Syndor seeks to amend his complaint to allege, during the May 16, 2018 accident, an employee of HM Logistics "instructed the operator of the tractor trailer to pull forward causing the forklift [Mr. Syndor] was operating to fall and/or crash backwards."[9] Mr. Syndor seeks to hold HM Logistics liable to him for negligence in carrying out its lumper services.[10]

The parties are now in discovery consistent with our June 4, 2020 Order.[11] During a July 10, 2020 deposition, Mr. Syndor swore working with a lumper named Brian on the day of the accident.[12] He swore knowing Brian worked for a lumper company.[13] But Mr. Syndor swore he did not know which lumper service Brian worked for when the accident happened.[14]

**II.    Analysis**

Mr. Syndor admittedly seeks to sue HM Logistics outside of Pennsylvania's two-year statute of limitations for negligence claims.[15] To overcome this bar, he must show his amendments relate back to his original complaint filed twenty-two months after the May 16, 2018 accident. Federal Rule of Civil Procedure 15(c) "governs when an amended pleading 'relates back' to the

3

date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations."[16]  We specifically look to Rule 15(c)(1)(C) because Mr. Syndor wishes to sue a new party[17]:

> (1) An amendment to a pleading relates back to the date of the original pleading when:
> […]
>  (B)  the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>  (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>  (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>  (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.[18]

Under this test, Mr. Syndor must establish: (1) his amended pleading relates to the same May 16, 2018 accident; (2) HM Logistics received notice of the action to prevent prejudice; and (3) HM Logistics either knew or should have known the action would have been brought against it, but for a mistake concerning its identity.[19]

Mr. Syndor, despite admitting the direct claims fall outside of the statute of limitations and it being his burden to prove relation back,[20] does not assert how his proposed amended complaint naming HM Logistics satisfies Rule 15(c)(1)(C).[21]  HM Logistics opposes the motion arguing it is prejudiced by the untimely claim, and Mr. Syndor fails to show a mistake concerning the proper party's identity under Rule 15(c)(1)(C)(ii).  We deny the motion after applying these three requirements and finding Mr. Syndor does not show the mistake required by Rule 15(c)(1)(C)(ii) as interpreted by the Supreme Court.

### A. Mr. Syndor sues HM Logistics directly relating to the same occurrence.

Mr. Syndor satisfies the first requirement of Rule 15's relation back test as his claim against

HM Logistics relates to the same transaction or occurrence in the original complaint. We liberally apply this same transaction or occurrence requirement.[22] The original complaint sued KLM Trans and Mr. Ungeheur for negligence relating to the May 16, 2018 forklift accident. Mr. Syndor now seeks to sue HM Logistics for its negligence role in the same accident. Mr. Syndor meets the first requirement.

### B.     HM Logistics received notice and is not prejudiced.

Mr. Syndor must then show HM Logistics received notice of the action and will not be prejudiced. To meet this requirement, Mr. Syndor must show HM Logistics received notice of the action with ninety days of filing the initial complaint.[23] He can easily show this. He filed this action on March 9, 2020. After third-party practice, counsel for HM Logistics entered his appearance on June 3, 2020. As HM Logistics' counsel entered his appearance with ninety days of the original filing, we plainly see notice within the requisite amount of time. As HM Logistics received timely notice of this case, it is not prejudiced in asserting its defenses. Mr. Syndor meets the second requirement of Rule 15's relation back test.

### C.     Mr. Syndor fails to establish a "mistake" as to HM Logistics' identity.

We lastly consider whether HM Logistics "knew or should have known that the action would have been brought against it, but for a mistake concerning" its proper identity.[24] The question is "whether [HM Logistics] should have known that it would have been named as a defendant but for an error."[25] We inspect the pleadings and Mr. Syndor's arguments and see no "but for error" which would have allowed HM Logistics to know or expect it would have been named in the original lawsuit. Mr. Syndor does not satisfy Rule 15(c)(1)(C)(ii).

We look to the Supreme Court's 2010 decision discussing the "mistake" requirement in *Krupski v. Costa Crociere S. p. A.*[26] Wanda Krupski tripped over a cable and fractured her femur

while on board the cruise ship Costa Magica.  Ms. Krupski then sued Costa Cruise for negligence.  She alleged Costa Cruise "owned, operated, managed, supervised and controlled" the ship on which Ms. Krupski had injured herself; Costa Cruise had extended to its passengers an invitation to enter onto the ship; and Costa Cruise owed her a duty of care, which it breached by failing to take steps that would have prevented her accident."[27]  Costa Cruise defended the lawsuit by arguing Ms. Krupski sued the wrong defendant and she should have sued Costa Crociere because it operated the cruise vessel and Costa Cruise merely served as the sales and marketing agent for Costa Crociere.

Ms. Krupski stipulated to dismiss Costa Cruise and sought leave under Rule 15(c)(1)(C) to sue Costa Crociere even though the statute of limitations expired. Costa Crociere opposed Ms. Krupski's motion for leave arguing its untimeliness. The district court agreed and dismissed Costa Crociere, concluding "[Ms.] Krupski had not made a mistake concerning the identity of the proper party."[28]  The Court of Appeals for the Eleventh Circuit affirmed in an unpublished *per curiam* opinion explaining Ms. Krupski should have known Costa Crociere's identity as a potential party because Ms. Krupski's ticket clearly identified Costa Crociere as the carrier.

The Supreme Court granted certiorari "to resolve tension among the Circuits over the breadth" of the mistake requirement in Rule 15(c)(1)(C)(ii).[29]  The Supreme Court explained the court of appeals erred by choosing "the wrong starting point"—explaining the *question* is not "whether Krupski knew or should have known the identity of Costa Crociere as the proper defendant, but whether Costa Crociere knew or should have known that it would have been named as a defendant but for an error."[30]  The Court focused on the language of Rule 15(c)—"*the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity*"[31]—as clearly asking

what the prospective defendant knew or should have known.[32]

The Supreme Court then explained how it interprets the meaning of the word "mistake" to ascertain the meaning of the phrase "mistake concerning the proper party's identity."[33] The Court defined a mistake as "[a]n error, misconception, or misunderstanding; an erroneous belief."[34] Under this definition, the Court reasoned a plaintiff could know a party's existence and still make a mistake with respect to the party's identity.

The Court illustrated its reasons through a hypothetical:

> A plaintiff may know that a prospective defendant—call him party A—exists, while erroneously believing him to have the status of party B. Similarly, a plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the "conduct, transaction, or occurrence" giving rise to her claim. If the plaintiff sues party B instead of party A under these circumstances, she has made a "mistake concerning the proper party's identity" notwithstanding her knowledge of the existence of both parties.[35]

Ms. Krupski's case fell into this category. She knew of both Costa Cruise and Costa Crociere but named Costa Cruise because she erroneously believed it held the legal status of Costa Crociere. The Court found it "worth noting that Costa Cruise and Costa Crociere are related corporate entities with very similar names; ... [t]his interrelationship and similarity heighten the expectation that Costa Crociere should suspect a mistake has been made when Costa Cruise is named in a complaint that actually describes Costa Crociere's activities."[36] The Court distinguished this scenario to "making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties" which it described as "the antithesis of making a mistake concerning the proper party's identity."[37]

We use the Court's *Krupski* framework to determine if HM Logistics "knew or should have known that the action would have been brought against it, but for a mistake concerning" its proper identity.[38] As instructed by the Court, we do not base our assessment on what Mr. Syndor knew,

7

but we instead look to HM Logistics' reasonable expectations based on the averments in Mr. Syndor's complaint filed within the statute of limitations. Within this review, we see no averments which would allow HM Logistics to believe it would have been sued but for an error.

Mr. Syndor's complaint against KLM Trans and Mr. Ungeheur did not mention lumper services. Mr. Syndor solely sought to hold KLM Trans and Mr. Ungeheur liable for failing to keep tractor trailer in park during the accident. He did not aver facts about a flawed instruction to move the truck or lumper employees in the vicinity directing operations. Without these allegations, HM Logistics held no basis to believe it would have been sued but for an error. This is not like *Krupski* where two entities share similar names and at least ostensibly offer similar services but only one of the entities is the proper party. Mr. Syndor does not wish to "change the party or the naming of a party."[39] He instead seeks to include a new theory of liability against a new party.

We remind ourselves the standard under Rule 15(c)(1)(C)(ii) is not whether HM Logistics could have been sued. The question we must ask under Rule 15(c)(1)(C)(ii) is whether HM Logistics reasonably understood it would have been sued "*but for*" a mistake—an "error, misconception, or misunderstanding; an erroneous belief"—about its identity.[40] We offer some examples of an error providing a basis for HM Logistics to believe Mr. Syndor meant to sue it. One, Mr. Syndor names only KLM Trans and the driver in his original complaint but alleges "a KLM Trans employee negligently instructed" the driver to move. Two, Mr. Syndor sues a company called "MCS Logistics," a different lumper services company, for negligence believing the lumpers he worked with on May 16, 2018 worked for this entity. Three, Mr. Syndor sues "Brian" for his negligence in directing the truck to move but does not identity Brian's employer.

We see no similarities between these examples or the hypothetical identified by the Supreme Court to provide a basis for believing Mr. Syndor mistakenly identified HM Logistics in

the complaint. We must conclude HM Logistics could not have known or reasonably should not have known Mr. Syndor attempted to sue it in the complaint but for a mistake about its identity.

Today's issue is more like the scenario described by the Supreme Court as "the antithesis of making a mistake concerning the proper party's identity."[41] In Mr. Syndor's reply brief, he concedes he had "knowledge of the existence of a lumper service generally, but was unaware of the name of the company."[42] He admits he did not name the lumper service because he "did not understand that the lumper service and/or its agents did anything wrong, and thus did not inform his attorneys of their existence generally."[43] While this may have been a mistake, it is not a mistake about HM Logistics' identity, which is what is required under Rule 15(c)(1)(C)(ii) for a relation back amendment otherwise barred by the statute of limitations. Mr. Syndor sought to sue—and did sue—KLM Trans and Mr. Ungeheur. That was a deliberate choice.

### III.     Conclusion

Mr. Syndor acknowledges he seeks to amend his complaint to add a new party two-years and two-months after a May 18, 2018 accident. He seeks to sue this party for negligence and acknowledges the statute of limitations for such a claim is two-years. He moves without citing Rule 15(c)(1)(C) governing "relation back" of amendments asserted beyond the statute of limitations. But in applying this only avenue for him, he fails to show HM Logistics knew or should have known the action would have been brought against it "but for a mistake concerning" its identity. Mr. Syndor did not originally allege the theories of liability he now seeks to assert against HM Logistics. He held no factual or legal confusion about the party's identity. Rule 15(c)(1)(C) does not allow him to amend his complaint just because he realizes a new theory of liability after the statute of limitations. We deny Mr. Syndor's motion in the accompanying Order.

9

---

[1] ECF Doc. No. 1-1 at ¶¶ 6-7.

[2] *Id.* at ¶¶ 20-24.

[3] *Id.* at ¶ 12.

[4] ECF Doc. No. 2.

[5] ECF Doc. No. 4.

[6] *Id.* at ¶ 12.

[7] *Id.* at ¶ 13.

[8] *Id.* at ¶ 14.

[9] ECF Doc. No. 17-1 at ¶ 10.

[10] *Id.* at ¶ 30.

[11] ECF Doc. No. 8.

[12] ECF Doc. No. 19-1 at 4-5.

[13] *Id.*

[14] *Id.*

[15] ECF Doc. No. 17-2 at 3 ("This Motion falls outside the applicable Statute of Limitations[.]"). Pennsylvania's two-year statute of limitations for negligence actions is codified at 42 Pa.C.S. § 5524.

[16] *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010).

[17] Fed. R. Civ. P. 15(c). Under Rule 15(c)(1)(A), we apply state law if "the law that provides the applicable statute of limitations allows relation back." We see no allowance of relation back under 42 Pa.C.S. § 5524. And Rule 15(c)(1)(B) does not apply because Mr. Syndor seeks to name a new party.

[18] Fed. R. Civ. P. 15.

[19] Fed. R. Civ. P. 15(c); *see also Ferencz v. Medlock*, 905 F. Supp. 2d 656, 666 (W.D. Pa. 2012) (outlining requirements under Rule 15(c)(1)(C)).

[20] *Krupski*, 560 U.S. at 545.

[21] Mr. Syndor argues he could not have discovered HM Logistics' involvement until disclosed by KLM and Mr. Ungeheur after the statute had run. To the extent Mr. Syndor seeks to invoke the discovery rule, the attempt fails. The discovery rule is intended to toll the limitations period where plaintiff lacks knowledge of a cause of action, not the identity of potential defendants. *See Nicolaou v. Martin*, 195 A.3d 880, 892 (Pa. 2018) ("The running of the statute of limitations is not tolled by mistake, misunderstanding, or lack of knowledge. Acting as an exception to this general rule, however, is the discovery rule, which originated in cases where the plaintiff's injury or its cause was neither known nor reasonably ascertainable.") (citations and quotations omitted). Mr. Syndor shows no grounds to toll the statute of limitations based on the discovery rule; his injury became immediately ascertainable on May 16, 2018. We also note he admits in his deposition he interacted with the lumpers on the date of the accident. ECF Doc. No. 19-1.

[22] 3 Moore's Federal Practice – Civil § 15.19 (2020).

[23] *Lundy v. Adamar of N.J., Inc.*, 34 F.3d 1173, 1182 (3d Cir. 1994).

[24] Fed. R. Civ. P. 15(c)(1)(C)(ii).

[25] *Krupski*, 560 U.S. at 538.

[26] *Id.*

[27] *Id.* at 543.

[28] *Id.* at 545.

[29] *Id.* at 548.

[30] *Id.*

[31] Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis added).

[32] *Krupski*, 560 U.S. at 548.

[33] *Id.*

[34] *Id.* (citing Black's Law Dictionary 1092 (9th ed. 2009)).

[35] *Id.* at 549.

[36] *Id.* at 556.

[37] *Id.* at 549.

[38] Fed. R. Civ. P. 15(c)(1)(C)(ii).

---

[39] Fed. R. Civ. P. 15(c)(1)(C).

[40] *Krupski*, 560 U.S. at 548 (citing Black's Law Dictionary 1092 (9th ed. 2009)).

[41] *Id.*

[42] ECF Doc. No. 19 at 1.

[43] *Id.*